IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARIVIC A. BALLESTEROS, )<br> )<br>*Plaintiff*, )<br> )<br>v. )<br> )<br>MTGLQ INVESTORS, LP, *et al.*, )<br> )<br>*Defendants*. )<br> )<br> ) | Case No. 1:23-cv-396 (PTG/WEF) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on two motions to dismiss filed by three defendants. Dkts. 4, 8. On March 24, 2023, Marivic A. Ballesteros ("Plaintiff") filed this action against Defendants MTGLQ Investors, LP ("MTGLQ"), Rushmore Loan Management Services, LLC ("Rushmore"), and SN Servicing Corporation ("SN Servicing"), as well as ten unnamed defendants, identified as DOEs 1-10. Dkt. 1 ("Compl"). Defendants MTGLQ, Rushmore, and SN Servicing (hereinafter collectively "Defendants") moved to dismiss this action against them. Dkts. 4, 8. On May 8, 2023, Plaintiff, who is proceeding *pro se*, filed a response in opposition to Defendants MTGLQ and Rushmore's joint Motion to Dismiss.[1] Dkt. 15. To date, Plaintiff has not filed a response to Defendant SN Servicing's Motion and the time to do so has passed. Having reviewed Defendants' motions, Plaintiff's response, and finding good cause, the Court grants Defendants' motions to dismiss on the grounds that Plaintiff's Complaint is barred by the doctrine of *res judicata*.

---

[1] Because Plaintiff is proceeding *pro se*, Defendants advised Plaintiff that the motions to dismiss could be granted on the papers if Plaintiff failed to file a response within twenty-one days of their filing. *See* Local Rule 7(K) of the Eastern District of Virginia; *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This pleading standard does not require detailed factual allegations; rather, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (internal quotations omitted).

While the Court must construe *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). Moreover, "the court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (alteration in original) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).

In deciding a Rule 12(b)(6) motion to dismiss, a district court may consider extrinsic "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider "official public records, documents

central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Federal Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

Though a district court, when reviewing a 12(b)(6) motion to dismiss, "generally cannot reach the merits of an affirmative defense," the court may do so when facts alleged in the complaint are sufficient to address the issue. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). To that effect, the Fourth Circuit has held that a court may address the defense of *res judicata* when the defense appears on the face of the complaint and its accompanying exhibits. *Field v. Berman*, 526 F. App'x 287, 290 (4th Cir. 2013).

## Factual and Procedural Background

On October 10, 2006, Plaintiff obtained a mortgage loan from World Savings Bank, FSB for the original amount of $196,000. Compl. ¶ 17. The loan was secured by a promissory note in the form of a deed of trust, signed and acknowledged by Plaintiff, that covered the property at issue in this case: 6301 Stevenson Ave, Apt 314, Alexandria, VA 22304. Dkt. 5-3 at 2–13. Pursuant to the deed of trust, Plaintiff promised to "pay to Lender, on time, all principal and interest due under the Secured Notes[,]" and agreed that if she "d[id] not pay the full amount of each payment on the date it is due" then the Lender "may take action to have the Property sold[.]" *Id.* at 4, 11. The terms of the deed of trust also provided that the Lender had the right to "at any time appoint a successor trustee and … that Person shall become the Trustee under this Security Instrument as if originally named as Trustee." *Id.* at 11.

By 2010, Wells Fargo, N.A. ("Wells Fargo") became the successor trustee of the deed of trust by way of merger with World Savings Bank, FSB. *See* Dkt. 1-2 at 32; Dkt. 5-4 at 2. In 2018, Wells Fargo assigned the deed of trust to U.S. Bank Trust National Association ("U.S. Bank

3

Trust") as Trustee for Bluewater Investment Trust. *See* Dkt. 5-5 at 2. That same year, the deed of trust was assigned to U.S. Bank Trust as Trustee for Cabana Series III Trust, an entity related to or in privity with Defendant SN Servicing. *See id.* at 6; *see also* Compl. ¶ 24; Dkt. 9-1 at 2. On June 27, 2019, Defendant SN Servicing notified Plaintiff that the servicing of the loan and accompanying promissory note was transferred to Defendant Rushmore. Dkt. 9-1 at 2. Plaintiff acknowledges receiving this letter. *See* Compl. ¶24. Then, on or around July 11, 2019, the deed of trust was assigned to Defendant MTGLQ. *See* Dkt. 5-5 at 9–10. On or around October 11, 2019, Plaintiff received correspondence from Defendant Rushmore that Defendant MTGLQ had become the new holder of the deed of trust. *See* Compl. ¶25.

Sometime in 2019, Plaintiff defaulted on her loan. Dkt. 5-6 at 2. Defendant MTGLQ, as the present holder of the deed of trust, moved to foreclose on the property, and it was sold at a public auction on October 10, 2019. *Id.* at 2–3. On June 29, 2022, Defendant MTGLQ sent Plaintiff a Notice to Vacate, instructing Plaintiff to vacate the premise within ten days of receiving the Notice. Dkt. 5-7 at 2.

On July 25, 2022, when Plaintiff failed to vacate the property, MTGLQ filed an unlawful detainer action in the Circuit Court for the City of Alexandria. *See MTGLQ Investors, LP v. Ballesteros, Marivic et al.*, Case No. CL22001839 (Va. Cir. Ct. July 25, 2022); *see also* Compl. ¶35 (noting that at the time the Complaint was filed, Defendant MTGLQ was in the process of trying to evict Plaintiff and the other occupants of the property from the premise). On August 12, 2022, Plaintiff, then a defendant in the state court unlawful detainer action, filed an answer and raised counterclaims to Defendant MTGLQ's unlawful detainer claim. Dkt. 16-2 at 2–12. Plaintiff's counterclaims were that MTGLQ violated the Truth in Lending Act ("TILA") and committed fraud by claiming ownership of the deed of trust and initiating the eviction proceedings.

4

*Id.* at 10–12. Thereafter, the parties filed several other pleadings in state court, including a Motion Craving Oyer and a Demurrer that MTGLQ filed in response to Plaintiff's answer and counterclaims. *See* Dkt. 5-1 at 2. On December 14, 2022, the state court sustained MTGLQ's demurrer in its entirety and dismissed Plaintiff's counterclaims against MTGLQ with prejudice. *Id.* ¶2.

On March 24, 2023, Plaintiff filed this instant action, suing Defendants and DOEs 1-10.[2] Compl. The Complaint alleges "wrongful foreclosure, breach of contract, fraud, violations of the [TILA], violations of the Fair Debt Collection Practices Act ('FDCPA'), and violations of the Real Estate Settlement Procedures Act ('RESPA')." *Id.* ¶15.

On April 19, 2023, Defendants MTGLQ and Rushmore filed a joint Motion to Dismiss. Dkt. 4. In support of their Motion, MTGLQ and Rushmore argue that, in light of the state court's decision to dismiss with prejudice Plaintiff's counterclaims against MTGLQ, Plaintiff's Complaint is barred by the doctrine of *res judicata*. Dkt. 5 at 5–7. MTGLQ and Rushmore also contend that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *Id.* at 7–10. On April 19, 2023, Defendant SN Servicing also filed a Motion to Dismiss. Dkt. 8. In support of that Motion, SN Servicing raised several arguments, including that Plaintiff improperly engaged in group pleading and that her claims against SN Servicing are time-barred under applicable statutes of limitations. *See* Dkt. 9 at 5–9. On April 24, 2023, Defendant SN Servicing filed a Notice with the Court that SN Servicing was adopting and joining Defendants MTGLQ and Rushmore's *res judicata* defense. Dkt. 13.

---

[2] On April 5, 2023, a summons was returned executed on Defendants. Dkt. 3. However, to date, it does not appear that Plaintiff provided notice of or attempted to serve DOEs 1-10 with the Complaint.

5

On May 8, 2023, Plaintiff responded to the *res judicata* arguments. *See* Dkt. 15 at 3–4. On June 21, 2023, Defendants MTGLQ and Rushmore filed a Notice of Supplemental Authority notifying the Court that while the Motions were pending, the Circuit Court of Alexandria granted summary judgment in MTGLQ's favor on its unlawful detainer claim and ordered Plaintiff to vacate the property. Dkt. 17 at 1.

## Analysis

### I. Plaintiff's Complaint Against Defendants is Barred by the Doctrine of *Res Judicata*

Defendants assert that this case should be dismissed because Plaintiff's Complaint is barred by the doctrine of *res judicata*. *See* Dkt. 5 at 5–7; Dkt. 13 at 1–2. "Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank*, N.A., 816 F.3d 273, 276 (4th Cir. 2016) (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)). There are three elements of *res judicata*: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* (quoting *Pueschel*, 369 F.3d at 354–55). Parties are said to be in privity with one another when "a party's interest is so identical with another that representation by one party is representation of the other's legal right." *Biggers v. Wells Fargo Bank, N.A.*, No. 3:16-cv-431, 2017 WL 465855, at *4 (E.D. Va. Feb. 3, 2017) (quoting *Raley v. Haider*, 747 S.E.2d 812, 816 (2013)).

In their Motion to Dismiss, MTGLQ and Rushmore contend that the elements of *res judicata* are satisfied in this case given the Alexandria Circuit Court's December 14, 2022 decision to dismiss Plaintiff's counterclaims against MTGLQ as well as its subsequent order granting

summary judgment in favor of MTGLQ. Dkt. 5 at 6 (referencing Dkt. 5-1 at 2–3); Dkt. 17.[3] As noted above, Defendant SN Servicing moved to adopt and join MTGLQ and Rushmore's *res judicata* argument on the grounds that SN Servicing "as a prior servicer of [Plaintiff's mortgage loan], is in privity with MTGLQ, as the owner of the [promissory] note." Dkt. 13 at 1. In response to MTGLQ and Rushmore's Motion, Plaintiff argues that the doctrine of *res judicata* is inapplicable in this case because "[t]he claims have not been freely and fairly adjudicated on the merits, the causes of action are different, and there is a difference in at least one of the named parties." Dkt. 15 at 4.

As an initial matter, the Circuit Court of Alexandria's orders first dismissing Plaintiff's counterclaims with prejudice and then granting summary judgment in favor of Defendant MTGLQ are, without question, final judgments on the merit. *See Harris v. Wells Fargo Bank N.A.*, No. 3:16-cv-174, 2017 WL 838687, at *4 (E.D. Va. Mar. 3, 2017) ("[U]nder federal law and Virginia law, an order granting a motion to dismiss for failure to state a claim (called a demurrer under state law) constitutes a decision on the merits."); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 506 (2015) ("An order granting summary judgment is final."). Additionally, Plaintiff does not question whether the state court had jurisdiction to make these determinations. Therefore, at issue is (1) whether the causes of action in this case and the prior suit are sufficiently identical to each other;

---

[3] Defendants MTGLQ and Rushmore argue that the order granting summary judgment "confirms that Plaintiff's claims are barred by the Doctrine of Res Judicata." Dkt. 17 at 1. The Court notes the fact that the state court decision was issued after Plaintiff filed the Complaint and initiated this instant action. Nevertheless, the decision is a final state court judgment that was rendered before any dispositive determinations were made in this case. As such, the decision is entitled to the preclusive effect that federal courts must give state court judgments under the Full Faith and Credit Clause, which underlies the doctrine of *res judicata*. *See Field*, 526 F. App'x at 289 (explaining that the full faith and credit statute, or the *res judicata* doctrine, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the court of the State from which the judgments emerged.") (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461 (1982))).

7

and (2) whether Defendants Rushmore and SN Servicing, who were not named as parties in the state court action, may invoke the doctrine of *res judicata* as parties in privity with MTGLQ. Taking into consideration the parties' respective pleadings, and the various documents attached to said pleadings, the Court finds that the doctrine of *res judicata* is applicable to this case.

In the state civil action, Plaintiff raised various causes of action in her counterclaims against Defendant MTGLQ, including fraud and violations of the TILA. Dkt. 16-2 at 10–12. The state court dismissed these counterclaims with prejudice. Dkt. 5-1 at 2. In the Complaint filed in this instant action, Plaintiff raises these same claims, as well as claims of alleged violations of the FDCPA and RESPA, against Defendants. *See* Compl. ¶¶ 46–84. In opposition to Defendants' *res judicata* argument, Plaintiff essentially argues that because the Complaint raises two additional causes of action—the violations of FDCPA and RESPA claims—then the second element of *res judicata*—the requirement that there be "an identity of the cause of action in both the earlier and the later suit," *Pueschel*, 369 F.3d at 355—is not satisfied. While, as a factual matter, it is true that Plaintiff's Complaint raises more causes of action than those raised in her state court counterclaims, this does not preclude the application of *res judicata* to this case as a matter of law.

First, it is important to note that the Complaint's factual allegations are identical to and, in many ways, word for word verbatim of the factual allegations Plaintiff raised in support of her counterclaims against MTGLQ. *Compare* Compl. ¶¶ 16–45 (alleging that Defendants SN Servicing and Rushmore had no right to and could not lawfully assign the promissory note to anyone else, including to Defendant MTGLQ, that Defendant MTGLQ fraudulently removed Plaintiff's name from the deed of trust, that MTGLQ had no right to sell the property, and that Plaintiff has been damaged because of the Defendants' "wrongful conduct"), *with* Dkt. 16-2 at 7–10, ¶¶ 4–29 (same). Thus, although Plaintiff's Complaint raises two additional causes of action,

the factual allegations underlying these claims were already considered by the state court in the previous suit.

For *res judicata* purposes, the claims raised in a second civil lawsuit do not need to be identical to those raised in the first action, only that the claims *were or could have been* raised in the prior action. *See Pueschel*, 369 F.3d at 354 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) (emphasis added). Here, Plaintiff's fraud and TILA claims were raised, and ultimately dismissed with prejudice, during the state court proceedings. Moreover, given the fact that the underlying factual allegations in both the Complaint and Plaintiff's state court counterclaims are the same, her violation of FDCPA and RESPA claims could have been raised in the prior action. Accordingly, Plaintiff's Complaint raises causes of actions that were or could have been addressed in the first civil action. Additionally, the state court, in granting summary judgment in MTGLQ's favor, found that there was no genuine dispute as to the fact that MTGLQ held title to the property, that it had the right to foreclose and sell the property, and that Plaintiff lacks standing to challenge the deed of trust assignments as a matter of law. Dkt. 17-1 at 5–6. As such, any claim that Plaintiff could have or would want to raise challenging these assignments and the subsequent foreclosure of the subject property—the very crux of Plaintiff's Complaint—are precluded by the state court's final judgment.

Furthermore, Plaintiff's argument that *res judicata* is inapplicable because "there is a difference in at least one of the named parties" is undermined by the fact that the factual allegations underlying both the instant Complaint and Plaintiff's state court counterclaims against MTGLQ are nearly identical. Dkt. 15 at 4. Although Plaintiff did not name Defendants Rushmore and SN Servicing as parties in her counterclaims, she nevertheless raised factual allegations involving these two defendants that, at their core, went to Rushmore and SN Servicing's respective

9

relationship with MTGLQ. The Circuit Court of Alexandria, in granting summary judgment in favor of MTGLQ, explained that under both state law and Fourth Circuit precedent, "[b]ecause mortgagors are not parties to nor beneficiaries of a deed of trust assignment between two mortgage lenders, mortgagors lack the contractual standing required to dispute their validity." Dkt. 17-1 at 5 (citing Va. Code § 55.11-119; *Kelley v. Griffin*, 252 Va. 26, 29 (1996); *Wolf v. Fannie Mae*, 512 F. App'x 336, 342 (4th Cir. 2013)). Therefore, the court concluded, Plaintiff could not challenge any of the deed of trust assignments nor tell any parties to the security instrument that their agreement is invalid. *Id.* at 6. Hence, any lawsuit that Plaintiff were to file challenging the deed of trust assignments would be subject to the preclusive effect of the circuit court's decision, which extends not only to MTGLQ as the named party in the state action, but to all entities who were lawful assignees of the deed. Accordingly, the state court's ruling that Plaintiff lacked standing to challenge the deed of trust assignment and question MTGLQ's rights under the deed of trust extends not only to Defendant MTGLQ, but also to Defendants Rushmore and SN Servicing who acted as loan servicers on behalf of former assignees. For this reason, although Defendants Rushmore and SN Servicing were not named as parties in the state civil action, they are parties in privity with MTGLQ, and as such, they may invoke any *res judicata* defense MTGLQ is entitled to raise.

With this in mind, the Court finds that the doctrine of *res judicata* applies to this case for the following reasons: (1) the Circuit Court of Alexandria issued two final judgments on the merit, first dismissing Plaintiff's counterclaims against Defendant MTGLQ with prejudice, and then ruling that MTGLQ was entitled to judgment as a matter of law on its unlawful detainer claim against Plaintiff; (2) this instant action is based on claims that were or could have been addressed in the prior case; and (3) although MTGLQ is the only Defendant in this instant action who was

also named as a party in the prior state action, because Defendants Rushmore and SN Servicing are in privity with MTGLQ, then the parties in the two suits are the same. Therefore, Plaintiff's Complaint must be dismissed.

Dismissal with prejudice is warranted in cases where "amendment would be futile in light of the [complaint's] fundamental deficiencies." *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). The Fourth Circuit provides that courts have discretion to determine if further amendment would be futile. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). In this case, for the foregoing reasons, the Court finds that Plaintiff cannot cure the *res judicata* issue related to her Complaint, and further amendment would be futile. Thus, the Court will dismiss the Complaint as to Defendants with prejudice.[4]

## II. Plaintiff Has Failed to Identify and Serve Defendant DOEs 1-10

As noted above, Plaintiff's Complaint also levies the same allegations of fraud and violations of the TILA, FDCPA, and RESPA against DOEs 1-10 as those levied against Defendants MTGLQ, Rushmore, and SN Servicing. Compl. at 1, 7–12. To date, Plaintiff has neither served nor attempted to identify DOEs 1-10. Federal Rule of Civil Procedure 4(m) provides that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Thus, before the Court determines whether it is appropriate to dismiss Plaintiff's Complaint against DOEs 1-10, the Court will permit Plaintiff time to show cause as to why this case should not be dismissed as to these unnamed defendants.

---

[4] Because the Court finds that this civil action should be dismissed on the grounds of *res judicata*, it is unnecessary to address Defendants' remaining grounds for dismissal.

\*\*\*

Accordingly, upon consideration of Defendants' Motions to Dismiss (Dkts. 4, 8) and the parties' briefs and relevant pleadings, it is hereby

**ORDERED** that Defendants' Motions to Dismiss (Dkts. 4, 8) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, with respect to Defendants MTGLQ, Rushmore, and SN Servicing, be and is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that that within fourteen (14) days of the date of this Order, Plaintiff show cause as to why this action should not be dismissed with respect to Defendant DOEs 1-10 for failure to serve.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to Plaintiff, who is proceeding *pro se*.

Dated: November 8, 2023
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge