IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARIVIC A. BALLESTEROS, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>MTGLQ INVESTORS, LP, *et al.*, )<br>)<br>*Defendants*. )<br>) | Case No. 1:23-cv-396 (PTG/WEF) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motions for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Dkts. 20, 24, 26.[1] Plaintiff Marivic A. Ballesteros ("Plaintiff"), proceeding *pro se*, brought this action against Defendants MTGLQ Investors, LP ("MTGLQ"), Rushmore Loan Management Services, LLC ("Rushmore"), and SN Servicing Corporation ("SN Servicing") (collectively "Named Defendants"), as well as ten unnamed defendants, identified as DOEs 1-10. Dkt. 1 ("Compl."). Plaintiff's Complaint alleged "wrongful foreclosure, breach of contract, fraud, violations of the [TILA], violations of the Fair Debt Collection Practices Act ('FDCPA'), and violations of the Real Estate Settlement Procedures Act ('RESPA')." *Id.* ¶ 15. On April 19, 2023, Named Defendants filed respective motions to dismiss. Dkts. 4, 8. Following briefing on Named Defendants' Motions, this Court granted the motions to dismiss on November 8, 2023, finding that Plaintiff's claims were barred under the doctrine of *res*

---

[1] On December 29, 2023, Plaintiff filed her first Letter/Motion for Reconsideration which did not contain any legal argument and was not accompanied by a memorandum brief. Dkt. 20. On January 12, 2024, Plaintiff filed a second Motion for Reconsideration with an accompanying memorandum of law in support of the motion. Dkt. 24; *see also* Dkt. 25. On January 19, 2024, Plaintiff filed a Request for Correction on the Motion for Reconsideration and Memorandum of Law, which raised the additional argument that the disputed deed of trust is void under Virginia law. Dkt. 26.

*judicata*. Dkt. 18 at 6–11. On December 20, 2023, the Court dismissed Plaintiff's claims against the unnamed defendants, DOEs 1-10. Dkt. 19.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows parties to file a motion to alter or amend a judgment as long as it is "filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has recognized three situations in which it is appropriate to amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Furthermore, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

## II. ANALYSIS

In her motions for reconsideration, Plaintiff argues that "[r]econsideration is [w]arranted to [p]revent [m]anifest [i]njustice." Dkt. 24 at 2; Dkt. 26-1 at 2. Specifically, Plaintiff argues that the Court overlooked significant factual allegations proffered by Plaintiff which demonstrated that (1) Defendants were neither bona fide holders or assignees of the promissory note for which Plaintiff was liable; (2) Defendants engaged in "false, deceptive, and misleading representations in connection with any debt[,]" and in particular, Defendant MTGLQ had fraudulently removed Plaintiff's name from the deed of trust; (3) the original deed of trust entered into between Plaintiff and World Savings Bank lapsed under the statute of limitations; and (4) the deed of trust is void

2

and unenforceable because World Savings Bank breached the contract "by failing to satisfy, release, and reconveyance [sic] of the security instrument." *See* Dkt. 26-1 at 3–6. Additionally, Plaintiff argues that the Court erred in finding that Plaintiff's claims against Named Defendants are barred under the doctrine of *res judicata* because "[t]he claims have not been freely and fairly adjudicated on the merits, the causes of action are different, and there is a difference in at least one named parties [sic]." *Id.* at 6–7.

While Plaintiff raises several arguments in favor of her motions for reconsideration, the Court does not find that Plaintiff has demonstrated a need to amend the prior judgment either to prevent manifest injustice or correct a clear error of law. As an initial matter, the Court notes the fact that much of the arguments Plaintiff raises in support of her motions for reconsideration were also raised by Plaintiff in her Complaint and during the state court proceedings between herself and Defendant MTGLQ. *See* Dkt. 18 at 8 (noting the fact that in both her Complaint and in the counterclaims Plaintiff raised in state court, Plaintiff argued that Defendants SN Servicing and Rushmore had no right to and could not lawfully reassign the promissory note, and that Defendant MTGLQ fraudulently removed Plaintiff's name from the deed of trust). It was on this basis that in the November 8, 2023 Order, this Court found that, for *res judicata* purposes, Plaintiff's Complaint raised causes of action that were or could have been addressed in the prior state court action. *Id.* at 9.

Accordingly, these arguments amount to nothing more than a re-litigation of previously adjudicated matters. However, relitigating a previous claim is insufficient to warrant reconsideration of a prior decision. *See United States v. Smithfeld Foods*, 969 F. Supp. 975, 977 (E.D. Va. 1997) ("When considering a motion for reconsideration, the court should not reevaluate the basis upon which it made a prior ruling, if the moving party merely seeks to reargue a previous

3

claim."); *Pac. Ins. Co.*, 148 F.3d at 403 ("The Rule 59(e) motion may not be used to relitigate old matters[.]") (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995))). While Plaintiff now raises the additional argument that the deed of trust is void, or in the alternative, barred from being enforced under some statute of limitation, this is an argument that, like the others, Plaintiff could have previously raised. Plaintiff fails to proffer any justification as to why this claim is now being raised for the first time.

Even if Plaintiff had previously raised this argument, it would still not necessitate granting her motions for reconsideration. As discussed in the November 8, 2023 Order, a court of competent jurisdiction had entered a final judgment in favor of Defendant MTGLQ and against Plaintiff in which the court had determined that (1) Plaintiff lacked standing to challenge any of the deed of trust assignments; and (2) could not tell any party to the security instrument that their assignment is invalid. *See* Dkt. 18 at 10. As further explained in the November 8, 2023 Order, this Court found that Defendants SN Servicing and Rushmore were parties in privity with Defendant MTGLQ as they acted as loan servicers on behalf of former assignees of the deed of trust. *Id.* Accordingly, this Court found that the preclusive effect of the state court's final judgment extended to Plaintiff's claims against all three Named Defendants. *Id.* Plaintiff fails to point to any erroneous error of law in this Court's prior decision other than arguing, as she did before, that "[t]he claims have not been freely and fairly adjudicated on the merits, the causes of action are different, and there is a difference in at least one of the named parties." Dkt. 26-1 at 7; Dkt. 18 at 7 (quoting Dkt. 15 at 4, Plaintiff's response in opposition to Defendants MTGLQ and Rushmore's motion to dismiss). While Plaintiff may disagree with this Court's determination that the doctrine of *res judicata* applied to this civil action, as noted above, "mere disagreement does not support a

Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. Accordingly, Plaintiff has failed to demonstrate that reconsideration is warranted in this case. For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motions for Reconsideration (Dkts. 20, 24, 26) are **DENIED**.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

April 23, 2024
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

5